**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CIVIL ACTION NO.** ___6:26-CV-212-CHB___

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**            **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

**RUGER PISTOL SEIZED FROM**
**167 REDALE ROAD, PIKEVILLE, KENTUCKY**                        **DEFENDANT**

The Plaintiff, United States of America, hereby brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritimes Claims and Asset Forfeiture Actions and 18 U.S.C. § 983.

## NATURE OF THE ACTION

1.      This is a civil action in rem brought pursuant to 21 U.S.C. § 881(a)(11) and 18 U.S.C. § 924(d) as a result of violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A).

## THE DEFENDANT IN REM

2.      The Defendant is a Ruger Model LC9S, 9mm semiautomatic pistol, bearing serial number 45881458, which was seized from 167 Redale Road, Pikeville, Kentucky, on or about September 28, 2022 (hereinafter, the "Defendant Firearm"). The property is in the custody of the Federal Bureau of Investigation ("FBI") in Louisville, Kentucky.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a).

4.      This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of the Complaint, the Plaintiff requests that the Clerk of the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395(a) and (b) because acts or omissions giving rise to this forfeiture action took place in this district and because the Defendant Firearm was seized in this district.

## FACTS GIVING RISE TO FORFEITURE

6.      In June 2022, while acting on a tip in an unrelated theft investigation, Kentucky State Police detectives encountered Joshua D. Habern ("Habern") at a residence in Floyd Count, Kentucky.

7.      Habern, who had an active state warrant for his arrest, was living at the residence with the owner's daughter, and they consented to a search of their bedroom.

8.      As a result of that search, law enforcement located approximately ten firearms, ammunition, various drug paraphernalia, and narcotics (i.e., heroin, marijuana, methamphetamine, and various prescription pills).

9.      At least one witness present at the time of the search indicated that Habern was engaged in trafficking narcotics.

10.     In September 2022, law enforcement received information that Habern was continuing to sell methamphetamine and heroin in the Pikeville, Kentucky area.

11.     On or about September 23, 2022, a cooperating witness purchased what Habern purported to be a gram of heroin directly from Habern at his residence at 167 Redale Road,

2

Pikeville, Kentucky. Lab testing revealed that the substance sold actually was 0.722 grams of a fentanyl/methamphetamine mixture.

12.     Thereafter, Pikeville Police Department detectives obtained a state search warrant for the residence at 167 Redale Road, Pikeville, Kentucky.

13.     During the execution of the search warrant on or about September 28, 2022, detectives located in close proximity to one another the following items, which they seized as evidence:  the Defendant Firearm, drug paraphernalia, marijuana, various prescription drugs, and trafficking quantities of methamphetamine, a methamphetamine/methadone mixture, and a fentanyl/methamphetamine mixture.

14.     On June 22, 2023, a grand jury in the Eastern District of Kentucky indicted Habern on numerous charges of possessing with intent to distribute and distributing methamphetamine and fentanyl in violation of 21 U.S.C. § 841(a)(1), possessing firearms in furtherance of drug trafficking offenses in violation of  18 U.S.C. § 924(c)(1)(A), and possessing firearms while knowing he had previously been convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1). [E.D. Ky. Criminal Action No. 7:23-CR-10: Indictment, DE 1.]

15.     The Indictment returned against Habern included a forfeiture allegation seeking to forfeit, among other things, the firearms seized from Habern throughout the criminal investigation, including the Defendant Firearm. [*Id.* at 5-6.]

16.     Habern ultimately pled guilty to violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A) related to his encounter with law enforcement in June 2022 and another encounter in June 2023. [E.D. Ky. Criminal Action No. 7:23-CR-10: Plea Agreement, DE 20 at ¶ 1.]

17.     The United States dismissed the counts of the Indictment related to the search of Habern's residence on or about September 28, 2022, and, accordingly, did not forfeit the Defendant Firearm as part of the related criminal action.

18.     As part of his Plea Agreement, Habern agreed to the administrative forfeiture "of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment [including the Defendant Firearm] . . . because a nexus exists between the property and violations of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c)(1)(A), and 18 U.S.C. § 922(g)(1)." [*Id.* at ¶ 8.]

19.     FBI accordingly initiated an administrative forfeiture proceeding against the Defendant Firearm and provided written notice of its intent to forfeit the Defendant Firearm to all interested parties pursuant to 18 U.S.C. § 983(a)(1)(A).

20.     On February 7, 2026, Jonathan Newsome ("Newsome") filed a claim to the Defendant Firearm, asserting an ownership interest in it and stating that it was stolen from him on the first day he bought it.

21.     On May 7, 2026, this Court granted a sixty-day extension of the deadline for the United States to initiate a judicial forfeiture action against the Defendant Firearm, giving the United States until July 7, 2026, to bring such action. [E.D. Ky. Civil Action No. 6:26-CV-146-GFVT: Order, DE 2.]

## LEGAL BASIS FOR FORFEITURE

22.     The Defendant Firearm is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(11) because it was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances manufactured, distributed, dispensed or acquired in violation of 21 U.S.C. § 841(a)(1); and pursuant to 18 U.S.C. § 924(d)

4

because it was involved in or used in a knowing violation 18 U.S.C. § 922(g)(1) and/or

924(c)(1)(A) and/or in violation of 21 U.S.C. § 841(a)(1).

WHEREFORE, the United States respectfully requests that a Warrant of Arrest In Rem

be issued, that notice of this action be given to all parties who reasonably appear to be potential

claimants of interest in the property, that the Defendant Firearm be forfeited and condemned to

the United States, and that the United States be granted such other relief as this Court deems just

and proper, including the United States' costs and disbursements of this action.

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

By:    /s/ Haley Trogdlen McCauley
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, Kentucky 40507
Phone: (859) 685-4831
haley.mccauley@usdoj.gov

5

# <u>DECLARATION</u>

I am a Special Agent with the Federal Bureau of Investigation, and the agent assigned responsibility of this case. I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _7_ day of ___July___, 2026.


       __/s/ John Finley_____
       John Finley, Special Agent
       Federal Bureau of Investigation

6